# EXHIBIT 3

**LITE DEPALMA GREENBERG & RIVAS, LLC**
Allyn Z. Lite
Michael E. Patunas
Two Gateway Center, 12th Floor
Newark, NJ 07102
Phone (973) 623-3000
Fax (973) 623-1190

**GRAHAM CURTIN, P.A.**
Charles Quinn
4 Headquarters Plaza
P.O. Box 1991
Morristown, NJ 07962-1991
Phone (973) 292-1700

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| OTSUKA PHARMACEUTICAL CO., LTD., | : |
| Plaintiff, | : |
| v. | : |
| SANDOZ INC., TEVA PHARMACEUTICALS USA, INC., TEVA PHARMACEUTICAL INDUSTRIES LTD., BARR LABORATORIES, INC., BARR PHARMACEUTICALS, INC., APOTEX CORP., APOTEX INC., SUN PHARMACEUTICAL INDUSTRIES, LTD., SYNTHON HOLDINGS BV, SYNTHON BV, SYNTHON PHARMACEUTICALS, INC., and SYNTHON LABORATORIES, INC. | : : : : : : : : : : : : : |
| Defendants. | : |

Civil Action No. 3:07-CV-01267
**Consolidated as 3:07-CV-01000**
(MLC) (JJH)

**BARR LABORATORIES, INC. AND BARR PHARMACEUTICALS, INC.'S RESPONSES
AND OBJECTIONS TO OTSUKA'S FIRST SET OF REQUESTS (NOS. 1-74) TO BARR
FOR THE PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc. (collectively, "Barr") hereby respond to Plaintiff Otsuka Pharmaceutical Co., Ltd.'s ("Otsuka") First Set of Requests (Nos. 1-74) to Barr for the Production of Documents and Things, with the following responses and objections.

## GENERAL OBJECTIONS

The following general objections are incorporated by reference in each of Barr's responses set forth below:

1.      Barr objects to the requests, definitions, and instructions to the extent that they purport to impose obligations on Barr that are inconsistent with or exceed those set forth in the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the District of New Jersey, individual rules of Judge Mary L. Cooper or Magistrate Judge John J. Hughes, applicable Court Orders or decisions in this litigation, or any stipulation or agreement of the parties in this litigation.

2.      Barr objects to the requests to the extent that they fail to describe the requested information, documents, or things with reasonable particularity, are indefinite as to time or scope, unduly burdensome, and/or seek information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.

3.      Barr objects to the requests to the extent that they seek information, documents, or things which are subject to the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege. Nothing contained in these objections or responses is intended as, or

shall in any way be deemed, a waiver of attorney-client privilege, any work-product protection, or any other applicable privilege or doctrine. Any inadvertent production will not be deemed a waiver of any privilege with respect to the information, documents, or things provided.

4. Barr objects to the requests as unreasonably cumulative and duplicative to the extent that they seek the same information, documents, or things that Otsuka seeks through other methods of discovery.

5. Barr objects to the requests to the extent that they seek information, documents, or things not in the possession, custody, or control of Barr, and/or call for information, documents, or things in the possession of, and more properly obtained from, other persons and non-parties, including, but not limited to, Otsuka.

6. Barr objects to Otsuka's use of phrases such as "all documents and things concerning" and the like as overly broad and unduly burdensome to the extent that they encompass, *inter alia*, chance references to potentially responsive subject matter in documents that would not reasonably be expected to contain such references and would require an unreasonably detailed and extensive search of all of Barr's documents and files to locate.

7. Barr objects to the requests as overly broad and unduly burdensome to the extent that they seek information, documents, or things that are publicly available and obtainable from other sources that are more convenient, less burdensome, or less expensive than obtaining them from Barr.

8. Barr objects generally to the definitions set forth in Otsuka's First Set of Requests (Nos. 1-74) to Barr for the Production of Documents and Things. Barr's responses to these requests do not constitute representations or admissions that Barr agrees or adopts any of Otsuka's definitions. The Specific Responses set forth below are based on Barr's interpretation of the

language used in Otsuka's requests, and Barr reserves its right to amend or supplement its responses should Otsuka assert an interpretation that differs from Barr's interpretation.

9.      Barr objects to these requests to the extent that they seek information, documents, or things which are subject to the terms of any protective orders in other cases, non-disclosure agreements, and/or confidentiality agreements with third parties.

10.      Barr objects to producing or identifying on a privilege log information, documents, or things dated after the filing of the Complaint in this case.

11.      Barr objects to these requests to the extent that they seek information, documents, or things concerning any issues of willfulness and exceptional case, on the grounds that they seek information, documents, or things which are not relevant to the claims or defenses of any party, not reasonably calculated to lead to the discovery of admissible evidence, and are otherwise not proper subjects of discovery under the Orders and decisions of this Court.

12.      Barr objects to these requests to the extent that they seek expert discovery on the grounds that they are premature, and also seek disclosure of information, documents, or things protected from disclosure under the attorney-client privilege or work-product doctrine, or are otherwise privileged or exempt from discovery.

13.      Barr objects to Otsuka's definition of "Barr" as overbroad.

14.      Barr objects to Otsuka's definition of "Otsuka" to the extent that it is narrower than the corresponding definition for "Barr."

15.      Barr objects to Otsuka's definition of "aripiprazole" as vague, and ambiguous and overbroad.

16.     Barr objects to Otsuka's definition of "identify" to the extent that it seeks to impose on Barr obligations beyond those of the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of New Jersey.

17.     Barr objects to Otsuka's definitions of "possession," "custody," and "control" as overly broad and unduly burdensome.

18.     Barr's responses to the requests are without waiver or limitation of its right to object, on grounds of authenticity, competency, relevancy, materiality, privilege, admissibility as evidence for any purpose, or on any other ground, to the use of any information, documents, or things in any subsequent proceeding in, or the trial of, this or any other action.

19.     To the extent that Barr states that documents responsive to a request will be produced, such statement should not be construed as a representation or admission that the information, documents, or things requested exist, or that they are relevant to any claim or defense in this case, or that they are admissible at trial.

20.     Barr reserves the right to add, modify, supplement, or otherwise change or amend the responses set forth below, but do not by this reservation undertake any obligation of supplementation or amendment greater than that required by the Federal Rules of Civil Procedure, the Local Civil Rules for the United States District Court for the District of New Jersey, individual rules of Judge Mary L. Cooper or Magistrate Judge John J. Hughes, applicable Court Orders or decisions in this litigation, or any stipulation or agreement of the parties in this litigation.

21.     Barr expressly incorporates the above General Objections as though set forth fully in response to each of the following specific responses and, to the extent that they are not raised by any specific response, Barr does not waive those objections.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST NO. 1

A complete copy of each of Barr's ANDA Nos. 78-613 and 78-612.

### RESPONSE TO REQUEST NO. 1

Subject to, and without waiver of, any of its General Objections, Barr will produce a copy of ANDA Nos. 78-613 and 78-612.

### REQUEST NO. 2

All documents and things concerning Barr's ANDA Nos. 78-613 and 78-612, including but not limited to all Drug Master Files referenced, used, considered, evaluated for use or contemplated for use in Barr's ANDA Nos. 78-613 and 78-612.

### RESPONSE TO REQUEST NO. 2

Barr objects to this request because it is vague and ambiguous, overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

Subject to, and without waiver of, any of its General and Specific Objections, Barr will produce ANDA Nos. 78-613 and 78-612 and any supplements submitted to the FDA relating thereto to the extent that they exist, are in Barr's possession, custody, or control, and can be located after a reasonable search.

6

## REQUEST NO. 3

Documents and things sufficient to identify each company, person, committee, business entity and law firm that advised or assisted in the preparation or filing of ANDA Nos. 78-613 and 78-612.

## RESPONSE TO REQUEST NO. 3

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

## REQUEST NO. 4

All documents and things concerning all submissions, filings, correspondence, communications and contacts between Barr and the FDA or any other regulatory body concerning any actual or proposed aripiprazole product.

## RESPONSE TO REQUEST NO. 4

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

Subject to, and without waiver of, any of its General and Specific Objections, Barr will produce ANDA Nos. 78-613 and 78-612 and any supplements submitted to the FDA relating thereto to the extent that they exist, are in Barr's possession, custody, or control, and can be located after a reasonable search.

## REQUEST NO. 5

All documents and things reviewed or considered by Barr in connection with any submissions, filings, correspondence, communications and contacts between Barr and the FDA or any other regulatory body concerning any actual or proposed aripiprazole product.

## RESPONSE TO REQUEST NO. 5

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

## REQUEST NO. 6

All documents and things concerning any Citizen Petition filed by or for Barr with the FDA concerning any aripiprazole product.

## RESPONSE TO REQUEST NO. 6

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

## REQUEST NO. 7

All documents and things concerning Barr's decision to seek FDA approval for any aripiprazole product, including but not limited to the aripiprazole products that are the subject of ANDA Nos. 78-613 and 78-612.

## RESPONSE TO REQUEST NO. 7

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

## REQUEST NO. 8

All documents and things concerning the likelihood, timing, schedule, timetable or projection of FDA approval of Barr's ANDA Nos. 78-613 and 78-612 for aripiprazole.

## RESPONSE TO REQUEST NO. 8

Barr objects to this request because it is vague and ambiguous, overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

## REQUEST NO. 9

All documents and things concerning Otsuka's NDA No. 21-436 directed to its Abilify® aripiprazole products.

## RESPONSE TO REQUEST NO. 9

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

Subject to, and without waiver of, any of its General and Specific Objections, Barr will produce ANDA Nos. 78-613 and 78-612 and any supplements submitted to the FDA relating thereto to the extent that they exist, are in Barr's possession, custody, or control, and can be located after a reasonable search.

## REQUEST NO. 10

All documents and things concerning any aripiprazole product, including but not limited to Otsuka's Abilify® aripiprazole products and the aripiprazole products that are the subject of ANDA Nos. 78-613 and 78-612.

## RESPONSE TO REQUEST NO. 10

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

Subject to, and without waiver of, any of its General and Specific Objections, Barr will produce ANDA Nos. 78-613 and 78-612 and any supplements submitted to the FDA relating thereto to the extent that they exist, are in Barr's possession, custody, or control, and can be located after a reasonable search.

## REQUEST NO. 11

Documents sufficient to identify any actual, expected or potential vendor or supplier to Barr of any aripiprazole product, including but not limited to the aripiprazole products that are the subject of ANDA Nos. 78-613 and 78-612.

## RESPONSE TO REQUEST NO. 11

Barr objects to this request because it is vague and ambiguous, overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

## REQUEST NO. 12

All documents and things concerning the properties, efficacy, advantages or utility of any aripiprazole product, including but not limited to Otsuka's Abilify® aripiprazole products and the aripiprazole products that are the subject of ANDA Nos. 78-613 and 78-612.

## RESPONSE TO REQUEST NO. 12

Barr objects to this request because it is vague and ambiguous, overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery. Barr further objects to this request as premature at this stage of litigation to the extent that it seeks expert discovery.

Subject to, and without waiver of, any of its General and Specific Objections, Barr will produce non-privileged documents concerning any properties, efficacy, advantages or utility of the subject matter claimed in the patent in suit to the extent that they exist, are in Barr's possession, custody, or control, and can be located after a reasonable search.

**REQUEST NO. 13**

All documents and things concerning any advantages or benefits associated with any aripiprazole product, including but not limited to Otsuka's Ability aripiprazole products and the aripiprazole products that are the subject of ANDA Nos. 78-613 and 78-612.

**RESPONSE TO REQUEST NO. 13**

Barr objects to this request because it is vague and ambiguous, overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery. Barr further objects to this request as premature at this stage of litigation to the extent that it seeks expert discovery.

Subject to, and without waiver of, any of its General and Specific Objections, Barr will produce non-privileged documents concerning any unexpected results for the subject matter claimed in the patent in suit to the extent that they exist, are in Barr's possession, custody, or control, and can be located after a reasonable search.

**REQUEST NO. 14**

All documents and things concerning the mechanism of action of any aripiprazole product, including but not limited to Otsuka's Abilify® aripiprazole products and the aripiprazole products that are the subject of ANDA Nos. 78-613 and 78-612.

## RESPONSE TO REQUEST NO. 14

Barr objects to this request because it is vague and ambiguous, overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery. Barr further objects to this request as premature at this stage of litigation to the extent that it seeks expert discovery.

Subject to, and without waiver of, any of its General and Specific Objections, Barr will produce non-privileged documents concerning the mechanism of action of the subject matter claimed in the patent in suit to the extent that they exist, are in Barr's possession, custody, or control, and can be located after a reasonable search.

## REQUEST NO. 15

All documents and things concerning all work, tests, experiments, evaluations, analyses or studies, whether complete, incomplete or prematurely terminated, in the possession of or conducted by or for Barr concerning any aripiprazole product.

## RESPONSE TO REQUEST NO. 15

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery. Barr further objects to this request as premature at this stage of litigation to the extent that it seeks expert discovery.

## REQUEST NO. 16

All documents and things concerning each bioavailability, bioequivalence, stability, qualification or validation study, whether complete, incomplete or prematurely terminated, that is being conducted or has been conducted by or for Barr on any aripiprazole product.

## RESPONSE TO REQUEST NO. 16

Barr objects to this request because it is vague and ambiguous, overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

Subject to, and without waiver of, any of its General and Specific Objections, Barr will produce ANDA Nos. 78-613 and 78-612 and any supplements submitted to the FDA relating thereto to the extent that they exist, are in Barr's possession, custody, or control, and can be located after a reasonable search.

## REQUEST NO. 17

All documents and things concerning each anti-apomorphine test and anti-epinepherine test, whether complete, incomplete or prematurely terminated, that is being conducted or has been conducted by or for Barr on any aripiprazole product.

## RESPONSE TO REQUEST NO. 17

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the

attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery. Barr further objects to this request as premature at this stage of litigation to the extent that it seeks expert discovery.

Subject to, and without waiver of, any of its General and Specific Objections, Barr will produce non-privileged documents concerning any anti-apomorphine test and anti-epinephrine test on the subject matter claimed in the patent in suit to the extent that they exist, are in Barr's possession, custody, or control, and can be located after a reasonable search.

### REQUEST NO. 18

All documents and things concerning any work, tests, experiments or studies, whether complete, incomplete or prematurely terminated, in the possession of or conducted by or for Barr comparing any aripiprazole product to Otsuka's Abilify® aripiprazole products.

### RESPONSE TO REQUEST NO. 18

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

Subject to, and without waiver of, any of its General and Specific Objections, Barr will produce ANDA Nos. 78-613 and 78-612 and any supplements submitted to the FDA relating thereto to the extent that they exist, are in Barr's possession, custody, or control, and can be located after a reasonable search.

### REQUEST NO. 19

All documents and things concerning any work, tests, experiments or studies, whether complete, incomplete or prematurely terminated, in the possession of or conducted by or for Barr

comparing any method of using Otsuka's Abilify® aripiprazole products to any method of using any other aripiprazole product, including but not limited to comparisons between the use of such products for the treatment of schizophrenia.

## RESPONSE TO REQUEST NO. 19

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

## REQUEST NO. 20

All documents and things concerning the alleged bioequivalence between the aripiprazole products that Barr seeks to market under ANDA Nos. 78-613 and 78-612 and the aripiprazole products that are the subject of Otsuka's approved NDA No. 21-436, including but not limited to documents and things identifying the batches or lots of the approved products of NDA No. 21-436 that Barr analyzed in preparing ANDA Nos. 78-613 and 78-612.

## RESPONSE TO REQUEST NO. 20

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery. Barr further objects to this request to the extent that it suggests any action by Barr that Barr did not undertake.

Subject to, and without waiver of, any of its General and Specific Objections, Barr will produce ANDA Nos. 78-613 and 78-612 and any supplements submitted to the FDA relating thereto to the extent that they exist, are in Barr's possession, custody, or control, and can be located after a reasonable search.

**REQUEST NO. 21**

All documents and things concerning all tests, experiments, evaluations, analyses and studies performed by or for Barr on Otsuka's Abilify® aripiprazole products, including but not limited to documents and things identifying the particular tests, experiments, evaluations, analyses and studies performed, as well as when, where and by whom they were performed and the results thereof.

**RESPONSE TO REQUEST NO. 21**

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery. Barr further objects to this request as premature at this stage of litigation to the extent that it seeks expert discovery.

Subject to, and without waiver of, any of its General and Specific Objections, Barr will produce ANDA Nos. 78-613 and 78-612 and any supplements submitted to the FDA relating thereto to the extent that they exist, are in Barr's possession, custody, or control, and can be located after a reasonable search.

17

## REQUEST NO. 22

All documents and things concerning Barr's marketing or planned or proposed marketing of any aripiprazole product.

## RESPONSE TO REQUEST NO. 22

Barr objects to this request because it is vague and ambiguous, overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

## REQUEST NO. 23

All documents and things concerning Barr's reasons for seeking to manufacture and/or market any aripiprazole product, including but not limited to market analyses, financial models or surveys.

## RESPONSE TO REQUEST NO. 23

Barr objects to this request because it is vague and ambiguous, overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

## REQUEST NO. 24

All documents and things concerning any problems, difficulties or delays Barr has experienced in preparing to bring to market an aripiprazole product.

18

**RESPONSE TO REQUEST NO. 24**

Barr objects to this request because it is vague and ambiguous, overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

**REQUEST NO. 25**

All documents and things concerning any failure, shortcoming, deficiency or limitation of any actual or proposed aripiprazole product of Barr.

**RESPONSE TO REQUEST NO. 25**

Barr objects to this request because it is vague and ambiguous, overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

**REQUEST NO. 26**

All documents and things concerning the market or potential market for any aripiprazole product, including but not limited to the aripiprazole products that are the subject of ANDA Nos. 78-613 and 78-612.

**RESPONSE TO REQUEST NO. 26**

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor

19

reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

## REQUEST NO. 27

All documents and things concerning Barr's plans for promoting or encouraging the sale or use of any aripiprazole product.

## RESPONSE TO REQUEST NO. 27

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

## REQUEST NO. 28

All documents and things concerning Barr's actual or planned advertising of any aripiprazole product.

## RESPONSE TO REQUEST NO. 28

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

## REQUEST NO. 29

All documents and things concerning any estimate by or for Barr of sales or demand for any aripiprazole product.

## RESPONSE TO REQUEST NO. 29

Barr objects to this request because it is vague and ambiguous, overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

## REQUEST NO. 30

All documents and things concerning Barr's projected or anticipated revenues and profits from its projected or anticipated sales of any aripiprazole product.

## RESPONSE TO REQUEST NO. 30

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

## REQUEST NO. 31

All documents and things concerning any evaluation, consideration or analysis of any aripiprazole product by any management committee, board of directors, manager, supervisor, officer or director of Barr.

## RESPONSE TO REQUEST NO. 31

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this

request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

## REQUEST NO. 32

All documents and things identifying and concerning each person, including but not limited to employees, agents, representatives, consultants and collaborators, who participated in any work, manufacture, use, tests, experiments, evaluations, analyses, studies or marketing concerning any aripiprazole product, including but not limited to the aripiprazole products that are the subject of ANDA Nos. 78-613 and 78-612, as well as all documents and things identifying and concerning where and when such activity took place.

## RESPONSE TO REQUEST NO. 32

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

## REQUEST NO. 33

All documents and things identifying and concerning all consultants, experts and clinicians Barr consulted regarding any work, manufacture, use, tests, experiments, evaluations, analyses, studies or marketing concerning the aripiprazole products that are the subject of ANDA Nos. 78-613 and 78-612.

## RESPONSE TO REQUEST NO. 33

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this

request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

## REQUEST NO. 34

All documents and things concerning any licensing, supply or other contractual agreement or understanding between Barr and any other person concerning any aripiprazole product.

## RESPONSE TO REQUEST NO. 34

Barr objects to this request because it is vague and ambiguous, overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

## REQUEST NO. 35

All documents and things concerning any proposed, contemplated or actual communication between Barr and any potential customer concerning any aripiprazole product.

## RESPONSE TO REQUEST NO. 35

Barr objects to this request because it is vague and ambiguous, overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

**REQUEST NO. 36**

All documents and things concerning any proposed, contemplated or actual communication between Barr and any clinical laboratory concerning any aripiprazole product.

**RESPONSE TO REQUEST NO. 36**

Barr objects to this request because it is vague and ambiguous, overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

**REQUEST NO. 37**

All documents and things concerning any proposed, contemplated or actual communication between Barr and any health maintenance organization concerning any aripiprazole product.

**RESPONSE TO REQUEST NO. 37**

Barr objects to this request because it is vague and ambiguous, overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

**REQUEST NO. 38**

All documents and things concerning any proposed, contemplated or actual communication between Barr and any generic drug trade association concerning any aripiprazole product.

## RESPONSE TO REQUEST NO. 38

Barr objects to this request because it is vague and ambiguous, overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

## REQUEST NO. 39

All documents and things concerning any proposed, contemplated or actual communication between Barr and any state formulary concerning any aripiprazole product.

## RESPONSE TO REQUEST NO. 39

Barr objects to this request because it is vague and ambiguous, overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

## REQUEST NO. 40

All documents and things concerning all draft or final sale catalogs, promotional materials or materials intended for distribution to patients or health care professionals or to display at trade shows or other public events concerning any aripiprazole product, including but not limited to the aripiprazole products that are the subject of ANDA Nos. 78-613 and 78-612.

## RESPONSE TO REQUEST NO. 40

Barr objects to this request because it is vague and ambiguous, overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

## REQUEST NO. 41

All documents and things concerning any proposed, contemplated or actual wholesaler cut sheet concerning any aripiprazole product, including but not limited to the aripiprazole products that are the subject of ANDA Nos. 78-613 and 78-612.

## RESPONSE TO REQUEST NO. 41

Barr objects to this request because it is vague and ambiguous, overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

## REQUEST NO. 42

All documents and things concerning any proposed, contemplated or actual distributor information concerning any aripiprazole product, including but not limited to the aripiprazole products that are the subject of ANDA Nos. 78-613 and 78-612.

## RESPONSE TO REQUEST NO. 42

Barr objects to this request because it is vague and ambiguous, overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

## REQUEST NO. 43

All documents and things concerning all publications, articles and presentations authored or co-authored by or for Barr concerning any aripiprazole product.

## RESPONSE TO REQUEST NO. 43

Barr objects to this request because it is vague and ambiguous, overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

## REQUEST NO. 44

All documents and things concerning Barr's Notice Letters, including but not limited to all drafts of Barr's Notice Letters.

## RESPONSE TO REQUEST NO. 44

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this

27

request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

Subject to, and without waiver of, any of its General and Specific Objections, Barr will produce copies of the letter dated January 30, 2007 from Barr Laboratories, Inc. to Otsuka concerning ANDA No. 78-613 and the letter dated February 23, 2007 from Barr Laboratories, Inc. to Otsuka concerning ANDA No. 78-612.

## REQUEST NO. 45

All documents and things concerning Barr's Paragraph IV certifications, including but not limited to all drafts of Barr's Paragraph IV certifications.

## RESPONSE TO REQUEST NO. 45

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

Subject to, and without waiver of, any of its General and Specific Objections, Barr will produce any certifications pursuant to 21 U.S.C. § 355(j) for ANDA Nos. 78-613 and 78-612 that Barr has submitted to the FDA regarding the patent in suit.

## REQUEST NO. 46

All documents and things concerning the '528 patent, including but not limited to all documents and things concerning any study, analysis, report or legal opinion, whether written or oral, by or for Barr concerning the '528 patent.

**RESPONSE TO REQUEST NO. 46**

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery. Barr further objects to this request as premature at this stage of litigation to the extent that it seeks expert discovery.

**REQUEST NO. 47**

All documents and things concerning Barr's first awareness of the '528 patent.

**RESPONSE TO REQUEST NO. 47**

Barr objects to this request because it is vague and ambiguous, overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

**REQUEST NO. 48**

All documents and things concerning any foreign counterpart to the '528 patent, including but not limited to all documents and things concerning any study, analysis, report or legal opinion, whether written or oral, by or for Barr concerning any foreign counterpart to the '528 patent.

**RESPONSE TO REQUEST NO. 48**

Barr objects to this request because it is vague and ambiguous, overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or

29

defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

## REQUEST NO. 49

All documents and things concerning any consideration to seek or take a license under the '528 patent or any foreign counterpart to the '528 patent.

## RESPONSE TO REQUEST NO. 49

Barr objects to this request because it is vague and ambiguous, overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

## REQUEST NO. 50

All documents and things supporting Barr's Affirmative Defense and Counterclaim alleging that the claims of the '528 patent are invalid, including but not limited to all alleged prior art and other documents and things that Barr alleges renders any claim(s) of the '528 patent invalid on any ground.

## RESPONSE TO REQUEST NO. 50

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this

request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

Subject to, and without waiver of, any of its General and Specific Objections, Barr will produce non-privileged documents responsive to this request to the extent that they exist, are in Barr's possession, custody, or control, and can be located after a reasonable search.

## REQUEST NO. 51

All documents and things supporting Barr's Affirmative Defense and Counterclaim alleging that Barr has not infringed and will not infringe, either directly or indirectly, any claim of the '528 patent.

## RESPONSE TO REQUEST NO. 51

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery. Barr further objects to this request to the extent that it is inconsistent with Barr's asserted Affirmative Defenses and Counterclaims.

Subject to, and without waiver of, any of its General and Specific Objections, Barr will produce non-privileged documents to the extent that they exist, are in Barr's possession, custody, or control, and can be located after a reasonable search, supporting Barr's Affirmative Defense and Counterclaim that Barr has not infringed the '528 patent, and will not infringe, either directly or indirectly, any valid and enforceable claim of the '528 patent.

## REQUEST NO. 52

All documents and things supporting Barr's Affirmative Defense alleging that Otsuka's Complaint fails to state a claim upon which relief may be granted.

## RESPONSE TO REQUEST NO. 52

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

Subject to, and without waiver of, any of its General and Specific Objections, Barr will produce non-privileged documents responsive to this request to the extent that they exist, are in Barr's possession, custody, or control, and can be located after a reasonable search.

## REQUEST NO. 53

All documents and things supporting Barr's Affirmative Defense and Counterclaim alleging that the '528 patent is unenforceable.

## RESPONSE TO REQUEST NO. 53

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

Subject to, and without waiver of, any of its General and Specific Objections, Barr will produce non-privileged documents responsive to this request to the extent that they exist, are in Barr's possession, custody, or control, and can be located after a reasonable search.

## REQUEST NO. 54

All documents and things relied upon or reviewed by Barr in preparing its Answer, Affirmative Defenses and Counterclaim in this litigation.

## RESPONSE TO REQUEST NO. 54

Barr objects to this request because it is vague and ambiguous, overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

Subject to, and without waiver of, any of its General and Specific Objections, Barr will produce non-privileged documents responsive to this request to the extent that they exist, are in Barr's possession, custody, or control, and can be located after a reasonable search.

## REQUEST NO. 55

All documents and things concerning patents, patent applications, publications and any other subject matter that Barr contends is material, as that term is defined under 37 C.F.R. § 156, to the claims of the '528 patent.

## RESPONSE TO REQUEST NO. 55

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery. Barr further objects to this request to the extent that it seeks a legal conclusion. Barr also objects to

this request to the extent that it seeks information, documents, or things that are publicly available and obtainable from other sources that are more convenient, less burdensome, or less expensive than obtaining them from Barr.

Subject to, and without waiver of, any of its General and Specific Objections, Barr will produce non-privileged documents responsive to this request to the extent that they exist, are in Barr's possession, custody, or control, and can be located after a reasonable search.

## REQUEST NO. 56

All documents and things concerning the level of ordinary skill in the art, or a person of ordinary skill in the art, as of October 31, 1988 with respect to the '528 patent.

## RESPONSE TO REQUEST NO. 56

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery. Barr further objects to this request to the extent that it seeks a legal conclusion. Barr also objects to this request as premature at this stage of litigation to the extent that it seeks expert discovery. Barr further objects to this request to the extent that it seeks documents not in Barr's possession, custody, or control.

## REQUEST NO. 57

All documents and things identifying and concerning any declarations, affidavits, reports or memoranda prepared by or for any expert or consultant with respect to any aripiprazole product, including but not limited to any such declarations, affidavits, reports or memoranda prepared in

relation to any litigation or administrative proceeding involving any aripiprazole product in the United States or any foreign country.

### RESPONSE TO REQUEST NO. 57

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery. Barr also objects to this request as premature at this stage of litigation to the extent that it seeks expert discovery. Barr further objects to this request to the extent that it seeks documents not in Barr's possession, custody, or control.

### REQUEST NO. 58

All documents and things concerning each United States and foreign patent or patent application prepared or filed by or for Barr, or assigned or licensed to Barr, whether pending, unfiled, issued or abandoned, that refers to any aripiprazole product.

### RESPONSE TO REQUEST NO. 58

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery. Barr further objects to this request to the extent that it seeks information, documents, or things that are publicly available and obtainable from other sources that are more convenient, less burdensome, or less expensive than obtaining them from Barr.

**REQUEST NO. 59**

All documents and things concerning any assignment, license or transfer of rights concerning patent applications, patents or know-how concerning any aripiprazole product.

**RESPONSE TO REQUEST NO. 59**

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.  Barr further objects to this request to the extent that it seeks documents not in Barr's possession, custody, or control.

**REQUEST NO. 60**

All minutes and transcripts of all Barr board of directors or management meetings concerning, in whole or in part: (1) any aripiprazole product; (2) ANDA Nos. 78-613 and 78-612; (3) Otsuka's NDA No. 21-436; (4) the '528 patent; (5) this litigation; or (6) Otsuka's Abilify® aripiprazole products.

**RESPONSE TO REQUEST NO. 60**

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

36

## REQUEST NO. 61

All documents and things concerning any proposed, contemplated or actual communications between Barr and any governmental agency, including but not limited to the FDA, concerning: (1) any aripiprazole product; (2) ANDA Nos. 78-613 and 78-612; (3) Otsuka's NDA No. 21-436; (4) the '528 patent; (5) this litigation; or (6) Otsuka's Abilify® aripiprazole products.

## RESPONSE TO REQUEST NO. 61

Barr objects to this request because it is vague and ambiguous, overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

## REQUEST NO. 62

All documents and things concerning any communications or contacts between or among Barr employees, management, agents or attorneys concerning: (1) any aripiprazole product; (2) ANDA Nos. 78-613 and 78-612; (3) Otsuka's NDA No. 21-436; (4) the '528 patent; (5) this litigation; or (6) Otsuka's Abilify® aripiprazole products.

## RESPONSE TO REQUEST NO. 62

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

## REQUEST NO. 63

All documents and things concerning any draft, proposed or actual press releases, publicity releases, trade releases, new product releases or other trade notices prepared by or for Barr concerning: (1) any aripiprazole product; (2) ANDA Nos. 78-613 and 78-612; (3) Otsuka's NDA No. 21-436; (4) the '528 patent; (5) this litigation; or (6) Otsuka's Abilify® aripiprazole products.

## RESPONSE TO REQUEST NO. 63

Barr objects to this request because it is vague and ambiguous, overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

## REQUEST NO. 64

All documents and things concerning any communications or contacts between Barr and any other person (excluding Otsuka) concerning: (1) any aripiprazole product; (2) ANDA Nos. 78-613 and 78-612; (3) Otsuka's NDA No. 21-436; (4) the '528 patent; (5) this litigation; or (6) Otsuka's Abilify® aripiprazole products.

## RESPONSE TO REQUEST NO. 64

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

## REQUEST NO. 65

All documents and things concerning any communications or contacts between or among Barr and Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries, Ltd., Sandoz Inc., Apotex Corp., Apotex Inc., Sun Pharmaceutical Industries, Ltd., Synthon Holding BV, Synthon BV, Synthon Pharmaceuticals, Inc., and/or Synthon Laboratories, Inc. concerning: (1) any aripiprazole product; (2) ANDA Nos. 78-613 and 78-612; (3) Otsuka's NDA No. 21-436; (4) the '528 patent; (5) this litigation; or (6) Otsuka's Abilify® aripiprazole products.

## RESPONSE TO REQUEST NO. 65

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

## REQUEST NO. 66

All documents and things concerning the organizational relationship between Barr and all corporations or other entities related to Barr.

## RESPONSE TO REQUEST NO. 66

Barr objects to this request because it is vague and ambiguous, overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 67

All charts, outlines, pyramids, diagrams or other documents and things sufficient to describe and identify Barr's organizational structure and personnel responsible for managing any design,

testing, evaluation, manufacture, production, marketing, distribution or sale of the aripiprazole products that are the subject of ANDA Nos. 78-613 and 78-612.

## RESPONSE TO REQUEST NO. 67

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

## REQUEST NO. 68

All documents and things concerning any document retention policy or program that Barr has in place now or had in place at any time since 2002.

## RESPONSE TO REQUEST NO. 68

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery.

Subject to, and without waiver of, any of its General and Specific Objections, Barr will produce any document retention policy responsive to this request to the extent that they exist, are in Barr's possession, custody, or control, and can be located after a reasonable search.

## REQUEST NO. 69

All documents and things concerning the treatment of schizophrenia by any aripiprazole product, including but not limited to Otsuka's Abilify® aripiprazole products and the aripiprazole products that are the subject of ANDA Nos. 78-613 and 78-612.

40

## RESPONSE TO REQUEST NO. 69

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Barr also objects to this request to the extent that it seeks information, documents, or things that are protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise immune from discovery. Barr further objects to this request to the extent that it seeks documents not in Barr's possession, custody, or control.

Subject to, and without waiver of, any of its General and Specific Objections, Barr will produce ANDA Nos. 78-613 and 78-612 and any supplements submitted to the FDA relating thereto to the extent that they exist, are in Barr's possession, custody, or control, and can be located after a reasonable search.

## REQUEST NO. 70

One hundred (100) tablets of any aripiprazole product that Barr intends to market if ANDA No. 78-613 is approved by the FDA.

## RESPONSE TO REQUEST NO. 70

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 71

One hundred (100) tablets of any aripiprazole product that Barr intends to market if ANDA No. 78-612 is approved by the FDA.

**RESPONSE TO REQUEST NO. 71**

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 72**

A five hundred (500) gram representative sample of the bulk active ingredient used or to be used in any aripiprazole product that Barr intends to market if ANDA No. 78-613 is approved by the FDA.

**RESPONSE TO REQUEST NO. 72**

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 73**

A five hundred (500) gram representative sample of the bulk active ingredient used or to be used in any aripiprazole product that Barr intends to market if ANDA No. 78-612 is approved by the FDA.

**RESPONSE TO REQUEST NO. 73**

Barr objects to this request because it is overly broad and unduly burdensome, and seeks information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 74**

All documents and things Barr identified in its Initial Disclosure Statement pursuant to Fed. R. Civ. P. 26(a)(1).

## RESPONSE TO REQUEST NO. 74

Barr objects to this request to the extent that it seeks information, documents, or things that are publicly available and obtainable from other sources that are more convenient, less burdensome, or less expensive than obtaining them from Barr.

Subject to, and without waiver of, any of its General and Specific Objections, Barr will produce ANDA Nos. 78-613 and 78-612 and any supplements submitted to the FDA relating thereto to the extent that they exist, are in Barr's possession, custody, or control, and can be located after a reasonable search.

Dated: January 23, 2008          By:

Allyn Z. Lite
Michael E. Patunas
LITE DEPALMA GREENBERG & RIVAS, LLC
Two Gateway Center, 12th Floor
Newark, NJ 07102
Phone (973) 623-3000
Fax (973) 623-1190

Charles Quinn (CQ 8940)
GRAHAM & CURTIN, P.A.
4 Headquarters Plaza
P.O. Box 1991
Morristown, NJ 07962-1991
Phone (973) 401-7144

*Of Counsel:*
Steven J. Lee
Elizabeth Holland
William G. James, II
KENYON & KENYON LLP
One Broadway
New York, NY 10004-1050
Phone (212) 425-7200
Fax (212) 425-5288

Frank P. Porcelli
FISH & RICHARDSON, P.C.
225 Franklin Street
Boston, MA 02110-2804
Phone (617) 542-5070

Duane-David Hough
FISH & RICHARDSON, P.C.
153 East 53rd Street
New York, NY 10022
Phone (212) 765-5070

*Attorneys for Defendants Barr Laboratories, Inc. and Barr*
*Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 23rd day of January, 2008, I caused copies of the foregoing *Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc.'s Responses and Objections to Otsuka's First Set of Requests (Nos. 1-74) to Barr for the Production of Documents and Things* to be served on the following counsel of record by E-mail and/or First Class Mail:

John F. Brenner
PEPPER HAMILTON, LLP
301 Carnegie Center, Suite 400
Princeton, NJ 08543-5276
Phone (609) 951-4193

James B. Monroe
Paul W. Browning
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, DC 20001-4413
Phone (202) 408-4000

Robert L. Baechtold
FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, NY 10112-3800
Phone (212) 218-2100

By: _____
Hsin Lin