**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OTSUKA PHARMACEUTICAL CO., LTD., | CIVIL ACTION NO. 07-1000 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION ON MOTION FOR AWARD OF TAXABLE COSTS (DKT. 419)** |
| v. | |
| SANDOZ, INC., et al., | |
| Defendants. | |

**COOPER, District Judge**

## INTRODUCTION

The plaintiff, Otsuka Pharmaceutical Co., Ltd. ("Otsuka"), moves for an award of taxable costs against defendants Teva Pharmaceuticals USA, Inc. ("Teva"), Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc. (collectively "Barr"), Apotex Corp. and Apotex Inc. (collectively "Apotex"), Sun Pharmaceutical Industries, Ltd. ("Sun"), Synthon Holding BV, Synthon BV, Synthon Pharmaceuticals, Inc., and Synthon Laboratories, Inc. (collectively "Synthon"), and Zydus Pharmaceuticals USA, Inc. and Cadila Healthcare Ltd. (collectively "Zydus"). (Dkt. 419.)[1] Those defendants ("the defendants") oppose the motion. (See, e.g., dkt. 429; dkt. 433; dkt. 434; dkt. 436; dkt. 441.)[2]

---

[1] The Court will cite to Electronic Case Filing System ("ECF") documents by referring to docket entry numbers by the designation of "dkt." Pincites reference ECF pagination.

[2] Otsuka does not seek an award of taxable costs against defendant Sandoz, Inc. ("Sandoz"), as Otsuka and Sandoz agreed to waive any claim for willful infringement, exceptional case, attorney fees, or costs against each other. (Dkt. 419 at 2.)

# BACKGROUND

The Court assumes the parties' familiarity with the facts of this action and provides a brief summary of the procedural history here.[3]  On October 15, 2007, the Magistrate Judge consolidated several Hatch-Waxman Act cases involving U.S. Patent No. 5,006,528 ("'528 patent").  (Dkt. 76.)  Otsuka, the '528 patent holder, alleged that each defendant's Abbreviated New Drug Application ("ANDA") would infringe at least one claim of the '528 patent.  (Dkt. 1 at 4.)  Prior to trial, Synthon, Sun, and Zydus stipulated to stay their respective actions.[4]  Teva, Barr, and Apotex proceeded to trial.

This Court entered an Order and Final Judgment in favor of Otsuka and against the defendants as to all issues of validity and enforceability of the '528 patent.  (Dkt. 393.)  Teva, Barr, and Apotex appealed from the Court's holding.  On May 7, 2012, the United States Court of Appeals for the Federal Circuit affirmed the judgment of this Court.  See Otsuka Pharm. Co., Ltd. v. Sandoz, Inc., 678 F.3d 1280, 1299–1300 (Fed.Cir. 2012).

Otsuka then moved for an award of taxable costs under 28 U.S.C. § 1920 ("§ 1920"), Federal Rule of Civil Procedure ("Rule") 54, and Local Civil Rule ("Local Rule") 54.1.  (Dkt. 419.)  In light of the defendants' objections and new precedent arising during the parties' briefing, Otsuka withdrew its request for many of the line items contained in its Bill of Costs.  (Dkt. 445 at 7; dkt. 419-1.)  The Court will summarize the parties' arguments below and address on the papers those costs that remain in dispute.  See L.Civ.R. 78.1(b).

---

[3] The Court's amended memorandum opinion, entered December 15, 2010, provides a detailed overview of the factual background in this case.  (Dkt. 392.)

[4] Synthon stipulated to a stay after the Magistrate Judge's consolidation order and the parties' initial pleadings.  (Dkt. 429 at 5.)  Zydus stipulated to a stay before any responsive pleading was filed.  (Dkt. 441 at 6.)  Sun also entered into a stipulation of infringement, as well as a stipulation to a stay.  (Dkt. 443 at 8.)

## DISCUSSION

### I.    Applicable Legal Standards

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Fed.R.Civ.P. 54(d)(1).  The following costs are taxable:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

There is a strong presumption that taxable costs should be awarded to the prevailing party.  See Reger v. The Nemours Found., Inc., 599 F.3d 285, 288 (3d Cir. 2010).  Costs should only be reduced or denied if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power.  Id.  Factors that may weigh in favor of a reduction or denial of the prevailing party's costs include:

> [T]he prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with process during the course of the instant litigation or the costs award proceedings; and … each of the losing parties' potential indigency or inability to pay the full measure of a costs award levied against them.

Id. at n.3 (quotation and citation omitted).

A court has discretion as to which costs to grant, but may not shift costs beyond those found in § 1920 without express statutory authorization to do so.  See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 444–45 (1987).

The Court is further guided by Local Rule 54.1, which expands upon Rule 54(d) and § 1920 by setting forth further qualifications as to what constitutes a taxable cost, as well as rules governing taxable costs under § 1920. See generally L.Civ.R. 54.1. Where Local Rule 54.1 and § 1920 conflict, the Local Rule "must give way" to § 1920. In re Baby Food Antitrust Litig., 166 F.3d 112, 139 (3d Cir. 1999).

"[A] district court, in exercising its equitable discretion, may apportion costs between the prevailing and non-prevailing parties as it sees fit." In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 469 (3d Cir. 2000). In re Paoli held that the district court did not err in imposing joint and several liability of all the costs against seventeen of the nineteen plaintiffs. See id. at 470–71. That court emphasized that while it is possible that "a district court could find that an individual dragged into the web of a large litigation should not be responsible for the defendant's costs," a similarity of costs and claims among plaintiffs, as well as the consolidation of these claims, could lead a court to conclude that "[a] rough division of costs liability among plaintiffs . . . may be the most equitable result." Id. at 470. The burden rests on the losing parties "to introduce evidence and persuade the court that costs should be apportioned, and in the event that they fail to do so, the default rule is that costs may be imposed jointly and severally." Id. at 469.

## II.    Legal Standards Applied Here

Otsuka seeks four categories of costs from the defendants. (Dkt. 419.) The Court will consider Otsuka's original bill of costs, as much of its arguments remained the same throughout briefing. See infra. The Court will also review the defendants' arguments in opposition, as well as Otsuka's amended bill of costs.

### A.      Original Bill of Costs
#### 1.      Fees of the Clerk

Otsuka moves for fees of the Clerk, taxable under § 1920(1) and Local Rule 54.1. (Dkt. 419-1 at 5.)  Otsuka claims it is owed $3,150.00 in fees for filing complaints and $1,334.20 in fees for the service of the complaints consolidated in this litigation, for a total of $4,484.20.  (Id.)  The defendants object to the sharing of costs insofar as the filing fee and fee for services include costs attributable to the other defendants.  (See, e.g., dkt. 429 at 19; dkt. 433 at 10; dkt. 434 at 6–7; dkt. 436 at 7; dkt. 441 at 10.)[5]

#### 2.      Fees for Transcripts

Otsuka claims it is owed fees for transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920(2).  (See dkt. 419-1 at 6.)  Otsuka requests § 1920(2) taxable costs in the amount of $158,466.49.  (Dkt. 419-1 at 12.)  This figure includes court reporter trial transcripts and the taking and transcribing of depositions, discussed infra.

##### a.      Court Reporter Trial Transcripts

Otsuka requests taxable costs in the amount of $18,891.96 for court reporter trial transcripts that were necessary to the case.  (Dkt. 419-1 at 6.)  Otsuka argues that certified transcripts, rough ASCII transcripts, and Realtime transcripts were necessary "due to the technical nature of the witness testimony and the large quantity of exhibits that were admitted into evidence."  (Id. at n.6.)  Otsuka also notes that the transcripts were used to prepare witnesses and were crucial for appellate briefing.  (Id.)

---

[5] Zydus generally denies liability for costs in the consolidated litigation, but does not set forth specific objections in response to Otsuka's various arguments.  (Dkt. 441 at 4.)  Thus, any reference to "the defendants' arguments" in this Memorandum Opinion refers to those of Teva, Barr, Apotex, Synthon, and Sun unless otherwise specified.  This reference is used only in the context of the defendants' various arguments, and not for determining apportionment of costs.

The defendants object to payment of Otsuka's court reporter trial transcript costs. (See, e.g., dkt. 429 at 19–20; dkt. 433 at 10–11; dkt. 434 at 7–9; dkt. 436 at 7–8.)[6]  Apotex argues that the use of Realtime and ASCII transcripts was for the "convenience of Otsuka's counsel" and "duplicative of the written daily trial transcript."  (Dkt. 434 at 7.)  The defendants argue that "[a]bsent a showing of necessity, this type of litigation support cost … is deemed to be for the convenience of counsel and therefore not taxable under § 1920(2)."  (Dkt. 433 at 10; see, e.g., dkt. 434 at 7; dkt. 436 at 8.)  See Eli Lilly & Co. v. Actavis Elizabeth LLC, No. 07-3770, dkt. 759 at 11 (D.N.J. Jan. 24, 2013) ("Eli Lilly") (holding that expenses for trial transcripts incurred for convenience of counsel are not taxable under § 1920(2)).

### b.      Taking and Transcribing Depositions

Otsuka requests taxable costs in the amount of $139,574.53 for the depositions of its experts, fact witnesses, the defendants' experts, and Otsuka's witnesses noticed by the defendants.  (See generally dkt. 419-1 at 7–12.)  Otsuka states that the transcripts of the defendants' experts were necessary for this case because they were used to prepare for trial and were entered in the trial record.  (Dkt. 419-2 at 3.)  Otsuka notes that because it was responsible for noticing the expert witnesses of the defendants, the expenses for these video depositions were not included in its requested Bill of Costs.  (Id.)  Otsuka argues that the defendants are responsible for the video and written transcript costs of Otsuka's expert witnesses, as they were noticed by the defendants and were used in witness preparation and at trial.  (Id. at 3–4.)

---

[6] Sun objects to these costs because it did not proceed to trial with Teva, Barr, and Apotex.  (Dkt. 433 at 10.)

The defendants concede that they are responsible for the cost of reporters in addition to the costs of transcripts.  (Dkt. 433 at 11–12; dkt. 434 at 9; dkt. 436 at 8.)  See Eli Lilly at 18.  The defendants object, however, to the inclusion of miscellaneous costs such as expedited service, shipping and handling, and video recording.  The defendants argue that § 1920(2) only contemplates the recovery of "the cost of reporters in addition to the cost of the preparation of transcripts."  Eli Lilly at 18.

Apotex argues that a prevailing party can only recover for expedited service if the party proves "the expedition of such materials was necessary where, for instance, trial or a court ordered deadline was pending."  (Dkt. 434 at 9 (quotation and citation omitted).)  See Eli Lilly at 19 ("[T]he inflated costs for expedited services are usually disallowed also as being for the convenience of counsel.").  With respect to shipping and handling costs, Apotex argues that "costs for shipping and handling are not recoverable in this district."  (Id. at 18.)  See Boyadjian v. CIGNA Cos., 994 F.Supp. 278, 281 (D.N.J. 1998) ("Postage costs are not listed in § 1920, and are not mentioned in Local Rule 54.1(g).  Moreover, expenses for postage are reimbursable as part of attorney's fees.").

### 3.    Fees and Disbursements for Witnesses

Otsuka seeks taxable costs in the amount of $3,833.82 for the attendance of its witnesses at trial and depositions under § 1920(3).  (Dkt. 419-1 at 13.)  Otsuka states that these costs are inclusive of the witnesses' "actual and proper attendance" at trial and depositions, and are priced at the "applicable Administrator of General Services per diem lodging rates," rather than the full price charged.  (Dkt. 419-2 at 4–5.)

Teva, Barr, and Apotex do not object to Otsuka's request for these costs under § 1920(3).  Sun objects to liability for these costs because it entered into a stipulation with Otsuka "before depositions of expert witnesses commenced."  (Dkt. 433 at 14.)

### 4.      Fees for Exemplification and Copies of Papers

Otsuka requests fees in the amount of $674,637.47 for exemplification and copies of papers necessarily obtained for use in this case under § 1920(4).  (Dkt. 419-1 at 14–19.)  This figure is organized into scanning and conversion of documents to TIFF format, library fees, trial materials preparation, visual aid preparation, multimedia equipment for the visual aids, and legal research costs.  (Id.)

### a.      Scanning and Conversion of Documents to TIFF Format

Otsuka seeks $341,253.23 in taxable costs for the scanning and conversion of documents to TIFF format.  (Id. at 14–15.)  Otsuka argues that these costs were necessarily obtained because the production of documents in electronic TIFF format was agreed upon by the parties in their joint discovery plan.  (Dkt. 419-2 at 5.)  Otsuka notes that because the patent at issue originated in 1988, "[t]he volume of hard copy documents was quite large".  (Id.)  Moreover, Otsuka states that such costs are recoverable because "the conversion of native files to TIFF . . . are recoverable under § 1920(4)'s allowance for the costs of making copies of any materials."  Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 674 F.3d 158, 160, 171 (3d Cir. 2012) (providing "definitive guidance") (internal quotations omitted).

The defendants object to Otsuka's request for taxable costs incurred for the scanning and conversion of documents to TIFF format.  (See, e.g., dkt. 434 at 22; dkt. 433 at 14–15; dkt. 436 at 10–12.)  Teva and Sun argue that this issue is guided by Local Rule 54.1(g)(9),

which states in pertinent part that "[t]he fees for exemplification and copies of papers are taxable when (A) the documents are admitted into evidence or necessarily attached to a document . . . and (B) they are in lieu of originals which are not introduced at the request of opposing counsel."  L.Civ.R. 54.1(g)(9).  (See dkt. 433 at 15; dkt. 436 at 10.)

The defendants also argue that under Local Rule 54.1, "photocopies for the purposes of discovery are not recoverable" in this district.  (Dkt. 436 at 11.)  See Crowley v. Chait, No. 85-2441, 2007 WL 7569542, at *5 (D.N.J. Aug. 29, 2007) ("Under the District of New Jersey case law, costs of photocopies for the purposes of discovery are not recoverable. … Additionally, the burden rests on the prevailing party to establish that the prerequisites for taxability are satisfied.")  The defendants argue that while § 1920(4) permits recovery for copies "obtained for use in the case," Local Rule 54.1 limits this Court's discretion by permitting recovery only for those "documents admitted into evidence" or submitted with a dispositive motion.  (Dkt. 436 at 11.)

### b.    Library Fees[7]

Otsuka seeks $688.00 in taxable costs for library fees related to the copying of several exhibits that were admitted into evidence.  (Dkt. 419-1 at 15.)  Otsuka argues that these costs are recoverable under § 1920(4) because the copies for which Otsuka seeks recovery were each admitted into evidence, and thus were necessary for use in this case.  (Dkt. 419-2 at 5.)

Sun specifically objects to Otsuka's request for library fees for documents admitted at trial.  (Dkt. 433 at 15.)  Sun argues that due to the stay entered between itself and Otsuka, Sun

---

[7] Otsuka states that "library fees" encompasses "fees related to the copying of" PTX 1, PTX 20, PTX 86, PTX 130, PTX 131, PTX 306, PTX 406, PTX 433, PTX 564, PTX 612, PTX 613, PTX 659, and PTX 783.  (Dkt. 419-1 at 15.)

9

did not participate at trial and should not be responsible for these fees.  (Id.)  No other

defendants object to these costs.

### c.    Use of Outside Vendors – Trial Material Preparation, Visual Aid Preparation, Multimedia Equipment

Otsuka seeks $87,907.89 in taxable costs for the preparation of trial materials

completed by outside vendors.  (Dkt. 419-1 at 16.)  These trial materials include copies of

deposition transcript designations, materials for witness binders, and "ordinary copying

expenses reasonably incurred in the trial of this complex patent case."  (Id. at n.14.)  Otsuka

argues that these materials are recoverable when "necessarily obtained for use in the case" and

regardless of whether the materials are admitted into evidence.  (Id.)  Otsuka further notes that

"outside vendor costs for trial photocopying represent ordinary litigation expenses reasonably

incurred in the prosecution of [a] massive, complex litigation, and [are] not merely for

counsel's convenience," thus making them taxable under § 1920(4).  (Id.)  See Thabault v.

Chait, No. 85-2441, 2009 WL 69332, at *14 (D.N.J. Jan. 7, 2009).

Otsuka also requests $146,406.25 for the preparation of visual aids by outside vendors

and $4,310.77 for the multimedia equipment used to display the visual aids.  (Dkt. 419-1 at

17.)  Otsuka argues that visual aids and multimedia equipment were "necessarily obtained for

use in this case" because they were used to "aid the Court in viewing the evidence . . . and to

ensure that witness examination proceeded efficiently given the complexity of the scientific

topics covered and the large number of exhibits admitted into evidence."  (Id. at n.15.)  The

use of multimedia equipment is recoverable as an exemplification cost even if the exhibit

displayed with the aid of the equipment "was not admitted into evidence."  (Dkt. 419-1 at 17,

n.16.)  See Thabault, 2009 WL 69332, at *10 ("Section 1920(4) authorizes the taxation of

these exemplification costs even though each and every exhibit displayed with the aid of the multimedia equipment was not admitted into evidence.")

The defendants object to Otsuka's request for $87,907.89 in trial material preparation costs. (Dkt. 433 at 15–16; dkt. 434 at 18–19; dkt. 436 at 12–13.) They argue that items such as "tabs, binders, … folders, Export/Media-CD/DVD, technical support, drill holes, light litigation; copy, staple, clip and rubberband as requested . . . custom tabs as requested, arrange documents in [binders], insert copies into manila folders" are "costs for office supplies." (Dkt. 436 at 12.) These items, the defendants assert, are not recoverable under Local Rule 54.1(g)(9), which states that "[t]he cost of copies obtained for counsel's own use is not taxable." L.Civ.R. 54.1(g)(9). Moreover, the cost of tabs and binders "constitute attorney's overhead and as such, are not taxable." Eli Lilly at 28; see Yong Fang Lin v. Tsuru of Bernards, LLC, No. 10-2400, 2011 WL 2680577, at *4 (D.N.J. July 8, 2011) ("Defendants argue that the $34.80 requested for 'Binders for Exhibits' should be disallowed because binders constitute general overhead costs . . . . We agree.")

The defendants argue that Otsuka's request for taxable costs resulting from the preparation of visual aids should also be denied. (See, e.g., dkt. 429 at 19–20; dkt. 433 at 16; dkt. 434 at 21–22; dkt. 436 at 13–14.) The defendants argue that under Eli Lilly, the prevailing party may only recover taxable costs for "physical preparation and duplication, not the intellectual effort involved in their production." Eli Lilly at 33 (citation and quotation omitted). Apotex specifically argues that many of the costs associated with Otsuka's video preparation—including "on-site support" and "communication design"—fall within the scope of intellectual effort and are thus not recoverable. (Dkt. 434 at 21–22.) See Eli Lilly at 33–38

(finding cost categories like visual aids, communication design, and on-site support fell outside scope of Local Rule 54.1).

None of the defendants object to Otsuka's request for taxable costs associated with the multimedia equipment.

### d.   Legal Research Costs

Otsuka seeks $94,071.33 in taxable costs for legal research.  (Dkt. 419-1 at 18–19.) Otsuka notes that computer research costs were an "essential part of its prosecution of the instant litigation."  (Dkt. 419-1 at 18 n.17.)  Otsuka argues that these costs are recoverable under Local Rule 54.1, which permits recovery of computerized legal research costs.  (Id.) See Ricoh Corp. v. Pitney Bowes Inc., No. 02-5639, 2007 WL 1852553, at *4 (D.N.J. June 26, 2007) (stating that under the rule, computerized legal research costs, such as costs incurred for Westlaw and Lexis research, are generally regarded as compensable).

The defendants object to Otsuka's $94,071.33 in legal research costs.  (Dkt. 433 at 17; dkt. 434 at 17–18; dkt. 436 at 14.)  They argue that these costs are not recoverable under § 1920 as "the American tradition of awarding costs does not provide for total reimbursement for litigation expenses."  (Dkt. 433 at 17.)  See Merck Sharp & Dohme Pharms., SRL v. Teva Pharms. USA, Inc., No. 07-1596, 2010 WL 1381413, at *6 (D.N.J. Mar. 21, 2010).

### B.   Amended Bill of Costs

Otsuka, in response to the defendants' arguments and the opinion issued in Eli Lilly, submitted an amended Bill of Costs to the Court.  (Dkt. 445.)  Otsuka agreed to withdraw its requests for the following § 1920(2) costs: "those related to Realtime, rough ASCII, postage/ delivery, exhibits, litigation packages, and sales tax."  (Dkt. 445 at 7.)  As to § 1920(4), Otsuka

agreed to withdraw its request for costs related to overhead, including "tabs," "binders," "folders," "copier rental," and "delivery fees," and its request for legal research costs. (Id. at 10–11.)[8] Otsuka also agreed to reduce its request for taxable costs associated with visual aids. (Id. at 11.) These costs were reduced to those line items that pertain to the "physical preparation of visual aids (as opposed to the intellectual efforts employed to design the visual aids)". (Id.) Otsuka maintains that it should fully recover $341,253.23 in § 1920(4) taxable costs for the scanning and converting of documents to TIFF format. (Dkt. 445 at 8–9.) Otsuka also notes that the parties do not dispute its requested § 1920(1) costs of $4,484.20 for Clerk fees or § 1920(3) costs of $3,833.82 for witness fees and disbursements. (Id. at 4, 7.)

Otsuka's original and amended Bill of Costs are set forth below:

| Cost Subsection | Cost Description | Original Cost[9] | Final Cost[10] |
|---|---|---|---|
| § 1920(1) | Fees for filing complaint in this litigation | $3,150.00 | $3,150.00 |
| | Fees for service of complaints consolidated in this litigation | $1,334.20 | $1,334.20 |
| § 1920(2) | Court reporter trial transcripts | $18,891.96 | $18,891.96 |
| | Depositions of defendants' experts used at trial | $18,340.48 | $12,512.20 |
| | Depositions of Otsuka's experts noticed by defendants and used at trial | $12,365.34 | $7,018.95 |

---

[8] Otsuka reserved its request for legal research costs as part of its award in the motion for attorney fees. (Dkt. 445 at 11.) The issue of attorney fees is addressed in a separate memorandum opinion.

[9] (See generally dkt. 419-1.)

[10] (Dkt. 419-1; dkt. 445-3; dkt. 445-4; dkt. 445-5.)

|  | Depositions of fact witnesses used at trial | $45,788.42 | $25,401.25 |
|---|---|---|---|
|  | Depositions of Otsuka witnesses noticed by defendants | $63,080.29 | $35,842.42 |
| § 1920(3) | Fees and disbursements for witnesses | $3,833.82 | $3,833.82 |
| § 1920(4) | Scanning and conversion of documents to TIFF format | $341,253.23 | $341,253.23 |
|  | Library copying fees | $688.00 | $688.00 |
|  | Copying costs incurred from outside vendor for preparation of trial materials | $87,907.89 | $63,230.37 |
|  | Costs incurred from outside vendor for visual aids | $146,406.25 | $28,031.75 |
|  | Multimedia equipment for visual aids | $4,310.77 | $4,310.77 |
|  | Legal research | $94,071.33 | $0 |

C.     Costs Analysis

Otsuka is the prevailing party in this case as the Order and Final Judgment was entered in its favor by this Court.  (Dkt. 393.)  Otsuka complied with the procedural requirements set forth in § 1920 and Local Rule 54.1 by timely filing this motion in accordance with the Court's amended briefing schedule and attaching the verified Bill of Costs and invoices. (Dkt. 407; dkt. 419-1 at 1–2; see also dkt. 419-5 through dkt. 419-20.)  As such, the Court will examine the specific costs sought by Otsuka.

### 1.      Fees of the Clerk

By agreement of the parties, the Court will allow $4,484.20 as taxable costs recoverable under § 1920(1).  (Dkt. 445 at 4.)

### 2.      Fees for Transcripts

#### a.      Court Reporter Trial Transcripts

The Court finds that the cost of the certified written trial transcripts are taxable under Rule 54.1 and § 1920(2) because they were necessary for the parties to complete their briefing.  See Merck Sharp & Dohme Pharms., SRL, 2010 WL 1381413, at *3 (stating costs for daily trial transcripts may be viewed as ordinary litigation expenses that are recoverable where essential to large or complex cases).

The parties dispute whether the rough ASCII and Realtime transcript costs are taxable under § 1920(2).  See Part II.A.2.a, supra.   The Court acknowledges that Local Rule 54.1(g)(6) states that "[a]ll other transcripts of hearings, pretrials and trials will be considered by the Clerk to be for the convenience of the attorney."  L.Civ.R. 54.1(g)(6).  However, § 1920(2) provides that other transcripts may be taxable when "necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  The Court agrees with Otsuka that the rough ASCII and Realtime trial transcripts were necessary in this case.  (Dkt. 419-1 at 6 n.6; dkt. 445 at 5.)  These transcripts were essential to the smooth functioning of the trial, as they were relied upon by this Court to "track technical testimony" during the course of the trial.  (Dkt. 445 at 5.)  Due to the complex nature of this case, the amount of witnesses, and the volume of documents presented, the rough ASCII and Realtime transcripts were indispensable to this case and are appropriately taxed as a cost against the defendants.  See Eli Lilly at 11 ("Absent

a showing of necessity, this type of litigation support cost is deemed to be for the convenience of counsel and therefore not taxable under § 1920(2).").

For the above stated reasons, the Court will award the cost of $18,891.96 for the trial transcripts used in this case.  (Dkt. 419-1 at 6.)

### b.      Taking and Transcribing Depositions

The parties do not dispute that the costs associated with the written transcripts of the depositions are taxable.  (Dkt. 445 at 6.)  In response to the defendants' objections to expenses related to video recording, Otsuka noted that the video transcripts were only completed on those deponents that the defendants had noticed and the defendants should therefore be liable for these costs.  (Dkt. 434 at 9; dkt. 445 at 6.)  Otsuka maintained in its reply that expedited shipping was a taxable cost under § 1920(4).  (Dkt. 445 at 6–7.)

We find that the video deposition costs are taxable costs that will be entered against the defendants.  This Court "cannot find that Defendants are not responsible for the costs" when the "Defendants themselves noticed a deposition as a video deposition and arranged for all matters related thereto".  Janssen Pharmaceutica N.V. v. Mylan Pharms., Inc., Nos. 03-6220, 03-6185, 2007 WL 925535, at *4 (D.N.J. Mar. 23, 2007).  That the defendants themselves requested the video depositions indicates that these depositions were "necessary for trial." (Dkt. 445 at 6.)  See Janssen Pharmaceutica N.V., 2007 WL 925535, at *4.

We also find that expedited shipping costs fall within the scope of necessary costs under § 1920(4).  The Court recognizes that many of the expert depositions in this case were scheduled in a short time period.  (Dkt. 445 at 7.) These "exigencies and deadlines which inevitably arise in litigation may justify the extra cost associated with a rushed delivery of a

deposition transcript." Janssen Pharmaceutica N.V., 2007 WL 925535, at *8.  Here, the Court

finds that Otsuka's compressed expert deposition schedule rendered the expedited shipping

costs necessary.  (Dkt. 445-3 at 2–3.)  The Court will allow these taxable costs related to

expedited shipping for these expert depositions.  (Id.)

      For the above stated reasons, the Court will allow $80,774.82 as the taxable cost

incurred in the taking and transcribing of depositions.  (Id. at 7.)

### 3.       Fees and Disbursements for Witnesses

      The Court will allow $3,833.82 in § 1920(3) taxable costs, as this figure was also

undisputed by the defendants.  (Dkt. 419-1 at 13; dkt. 445 at 7.)

### 4.       Fees for Exemplification and Copies of Papers
#### a.      Scanning and Conversion of Documents to TIFF Format

      The defendants argue that Local Rule 54.1 limits Otsuka's taxable TIFF costs to those

documents that are admitted into evidence at trial or submitted with a dispositive motion.  See

L.Civ.R. 54.1(g)(9) ("The fees for exemplification and copies of papers are taxable when (A)

the documents are admitted into evidence or . . . served in support of a dispositive motion, and

(B) they are in lieu of originals . . . ."); cf. 28 U.S.C. § 1920(4) (permitting recovery of taxable

costs for "any materials where the copies are necessarily obtained for use in the case").

Otsuka, in its reply brief, notes that the district courts must apply § 1920 when the

statute and Local Rule 54.1 conflict.  (Dkt. 445 at 8.)  See In re Baby Food Antitrust Litig.,

166 F.3d at 139 (stating Local Rule 54.1(g) must give way when it conflicts with § 1920); Eli

Lilly at 27 (requiring only satisfaction of the test of § 1920(4), i.e., that copies have been

necessarily obtained for use in the case).

17

Scanning and conversion of documents to TIFF format was critical here due to the complex nature of the case and the sheer volume of documents that were exchanged during discovery and trial.  We reject the defendants' argument that Local Rule 54.1 precludes recovery of these taxable costs, as the Third Circuit Court of Appeals has already explained what electronic discovery costs the prevailing party may recover under § 1920(4).  (See, e.g., dkt. 433 at 15; dkt. 436 at 10.)  See Race Tires Am., 674 F.3d at 160.  Race Tires America provided "definitive guidance" on the question of which electronic discovery activities may be considered "exemplification" for the purposes of § 1920(4), holding that "only scanning and file format conversion can be considered to be making copies."  674 F.3d at 160 (quotation omitted).

Because Otsuka requests only those electronic costs that fall within the scope of § 1920(4) as set forth in Race Tires America, the Court will allow taxable costs for the scanning and conversion of documents into TIFF format in the amount of $341,253.23. (Dkt. 419-1 at 14–15; dkt. 445 at 9.)

### b.      Library Fees

By agreement of the parties, the Court will allow $688.00 representing library copying fees recoverable under § 1920(4).  (Dkt. 445 at 9.)

### c.      Use of Outside Vendors—Trial Material Preparation, Visual Aid Preparation, Multimedia Equipment

The defendants object to Otsuka's Bill of Costs insofar as it relates to outside vendors for trial material preparation because many of the items were for the convenience of counsel. (Dkt. 436 at 12.)  These costs included, but were not limited to, tabs, binders, folders, and delivery fees.  (Id.)  In response to these objections and the opinion issued in Eli Lilly, Otsuka

18

eliminated most of these items but maintained its request for copies, prints, and blowbacks. (Dkt. 445-4 at 2.)

The defendants also object to the costs relating to visual aid preparation because Otsuka did not cast a distinction "between the physical preparation of visual aids and the intellectual efforts employed to design the visual aids". (Dkt. 445 at 10.) See also Eli Lilly at 35 (denying costs "incurred in the intellectual effort that precedes the actual physical preparation of demonstratives"). In light of Eli Lilly, Otsuka agreed to reduce its taxable costs by "removing those costs merely associated with intellectual design efforts," and retained its request for recovery of costs on the physical preparation of the visual aids. (Dkt. 445 at 11.) None of the defendants objected to the requested taxable costs relating to Otsuka's use of multimedia equipment. (Id.)

The trial preparation materials, including deposition transcripts and witness binders, were submitted to this Court and to opposing counsel. (Dkt. 419-1 at 16 n.14.) "Thus, they were necessary for use in the case and were not merely for the convenience of . . . counsel." Eli Lilly at 28 (noting that voluminous deposition transcript designations and witness binder materials were submitted to court and opposing counsel, rendering them necessary for use in case). The Court must also take into consideration that this was a complex patent case dealing with a "blockbuster" drug. (Dkt. 392 at 4 ("[F]rom 2005 onward, sales of Abilify® have exceeded a billion dollars each year, qualifying it as a 'blockbuster drug.'")). The number of witnesses and volume of deposition transcripts and witness binders leads this Court to find that the use of an outside vendor to prepare trial preparation materials and visual aids was an "ordinary litigation expense[] reasonably incurred in the prosecution of [a] massive, complex

litigation" and cannot be considered for the convenience of counsel.  Thabault, 2009 WL 69332, at *14.

For these reasons, this Court will allow $95,572.89 as taxable costs incurred for the preparation of trial materials, visual aids, and the multimedia equipment used for the visual aids.  (Dkt. 419-1 at 17; dkt. 445-4 at 2; dkt. 445-5 at 2.)

### D.    Apportionment of Costs Analysis

The burden is on the losing parties to persuade the Court as to how taxable costs should be apportioned.  See In re Paoli, 221 F.3d at 469.  If the losing parties do not satisfy this burden, the Court will impose the costs jointly and severally.  See id.

Otsuka argues here that all of the defendants consolidated in this litigation—Teva, Barr, Apotex, Synthon, Sun, and Zydus—should be held jointly and severally liable for these costs.  (Dkt. 445 at 13–14.)  Teva and Barr argue that "[n]o share should be lowered for defendants who did not try the case" because "[e]ach defendant here stood to gain from the patent in suit being held invalid at trial".  (Dkt. 436 at 6.)  Teva, Barr, and Apotex object to the sharing of costs insofar as the filing fee and fee for services include costs attributable to the other defendants.  (Dkt. 434 at 7; dkt. 436 at 6.)  Sun generally argues that its "liability should be limited to only [its] share of any costs that can be actually attributed to Sun."  (Dkt. 433 at 8.)  Synthon argues that it should not be responsible for any costs other than filing fees because "it took no part in those other actions."  (Dkt. 429 at 20.)

Besides these defendants' suggested apportionments of § 1920(1) costs, none of the defendants provide evidence as to how this Court could otherwise apportion costs in an equitable manner.  This was not a case where "an individual [was] dragged into the web of a

large litigation." <u>In re Paoli</u>, 221 F.3d at 470.  Rather, this was a complex patent case in which several pharmaceutical companies filed similar ANDAs alleging under similar theories that Otsuka's patent was invalid or unenforceable.  (Dkt. 445 at 12.)  The similarity of claims among the defendants, as well as the fact that a majority of the defendants were consolidated into this litigation and each stood to benefit from a favorable trial outcome, cannot be overlooked.  <u>See In re Paoli</u>, 221 F.3d at 470.  The Court, in its equitable discretion, will apply the default rule and hold Teva, Barr, Apotex, Synthon, Sun, and Zydus jointly and severally liable for the taxable costs.  <u>See id.</u>[11]

## CONCLUSION

For the reasons set forth above, the motion for an award of taxable costs will be granted in the amount of $545,498.92.[12]  Teva, Barr, Apotex, Synthon, Sun, and Zydus will split the costs jointly and severally.

　　s/ Mary L. Cooper　　
**MARY L. COOPER**
United States District Judge

Dated: October 9, 2015

---

[11] Teva asserts that Teva and Barr "should be treated as a single party for purposes of any apportionment of taxable costs among defendants."  (Dkt. 436 at 5.)  However, Otsuka apparently asserts that Teva and Barr should be treated separately.  (Dkt. 445 at 12–13.)  We agree with Otsuka.  At the beginning of this litigation, Teva and Barr filed separate Paragraph IV certifications.  (Dkt. 24 at 1.)  Teva and Barr have been treated separately throughout the course of this litigation, despite Teva's eventual acquisition of Barr.  (Dkt. 436 at 5.)

[12] This figure is based upon the table in Part II.B., <u>supra</u>.  The figures are based upon Otsuka's Bill of Costs and attached invoices.  (<u>See generally</u> dkt. 419-1 through dkt. 419-20.)  Otsuka's amended costs are drawn from its reply brief.  (<u>See generally</u> dkt. 445-3; dkt. 445-4; dkt. 445-5.)